### GILLETTE SAFETY RAZOR CO. v. HAWLEY HARDWARE CO.
#### No. 303.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

John C. Kerr and Thomas J. Byrne, both of New York City, for appellant.

George P. Dike, of Boston, Mass., and Charles Neave, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This suit involves a charge of infringement of the Gaisman patent, No. 1,633,739, claims 1 and 3, and the Thompson patent, No. 1,815,745. The infringement consists of selling razor blades manufactured by the Clark Blade & Razor Company of Newark, N. J., and sold by the defendant in the district of Connecticut. No charge is made that the appellant or the Clark Blade & Razor Company manufactured or sold safety razors; their sales were blades adapted for use in the Gillette razors, and this is the only act of infringement to be considered.

Claim 1 of the Gaisman patent reads: "A blade having a non-circular opening substantially centrally disposed to retain the blade in shaving relation to a guard member, said blade having means spaced from said opening to co-operate with a clamping member to retain the latter in shaving relation to the blade independent of the guard member."

And Claim 3 reads: "A safety razor comprising blade clamping members, a blade, means cooperative between one of said members and said blade to retain the latter in shaving relation to said member, said blade and the other member having cooperative means whereby the blade will retain said member in an operative position respecting the blade, and means to detachably clamp the blade between said members."

Direct infringement of claim 1 and contributory infringement of claim 3 and of claims 1, 2, 4, 5, 7, and 8 of the Thompson patent are charged.

Claim 1 of the Gaisman patent purports to cover a razor blade per se. The other

claims do not. Appellant's position is that its razor blades do not embody the alleged invention of claim 1, and that, if it covered appellant's blades, it is anticipated by the prior art. With respect to claim 3 of the Gaisman patent and the claims sued on in the Thompson patent, appellant's contention is that there can be no contributory infringement.

As to claim 1 of the Gaisman patent, the infringing act is the sale of three packages of razor blades. It was apparent upon a mere examination that the appellant's blade is not "a blade having a non-circular opening substantially centrally disposed to retain the blade in shaving relation to a guard member." The drawings of this patent as well as the specifications show a diamond shaped opening in the blade designed to fit snugly on the projection. The functions of the projection and the opening are explained in the specifications. The projection is provided on the blade side of the guard member adapted to enter an opening in the blade. By preference, the patentee says, he makes the blade noncircular in shape, preferably having straight sides, the opening in the drawing being shown in the diamond shape and the projection is of noncircular shape adapted to receive the metal at the sides of the opening so that the blade will be retained by said projection upon the guard member with its cutting edges in shaving relation to the guard teeth when the parts are assembled. In the appellant's blade, although there is a noncircular opening substantially centrally disposed, the opening does not fit snugly upon any projection or stud in the guard or on any other part of the razor frame, and cannot perform the function of positioning the blade with respect to the guard which is performed by the diamond shaped opening in the patentee's blade which fits snugly upon the diamond shaped projection in the razor. There is not a noncircular centrally disposed opening in the appellant's blade retaining the blade in any relation whatsoever to the guard member. Moreover, the matter of obtaining proper shaving relation between the parts of the razor and the blade is not new in the present type of Gillette razor.

The appellant's blade does not embody the structure nor perform the function specified in claim 1 which reads: "Said blade having means spaced from said opening to cooperate with a clamping member to retain the latter in shaving relation to the blade independent of the guard member." Claim 1, referring to the clamping member, calls for a backing member. The contention is that the notches in the Gaisman blade are "the means spaced from said opening to cooperate with the clamping member to retain the latter in shaving relation to the blade independent of the guard members," and that the corner of the appellant's blades are the same as the notches of the appellee's. We do not think that in the patentee's device the notches do perform the function called for in the second clause of claim 1. The claim may not be altered to change its plain meaning so as to increase or give breadth to it. Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 278, 24 L. Ed. 344; United States Light & Heat Corp. v. Safety Car Heating & Lighting Co., 261 F. 915, 918 (C. C. A. 2).

Claim 3 of this patent, as well as the claims in the Thompson patent, details a combination of claims to the razor as a whole. The appellant is not chargeable with contributory infringement of these claims for the reasons stated in Gillette v. Standard Safety Razor Co. (C. C. A.) 64 F.(2d) 6, decided this day, in our consideration of the same Thompson patent here in suit. The claim of contributory infringement here advanced as to these claims is no different than that which we considered in the Standard Co. Case. The appellant's blade does not infringe the construction or perform the functions specified in claim 1, and claim 3 and the claims of the Thompson patent are not contributorily infringed.

Decree reversed.